IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| JOSHUA WREN, <br> TDCJ ID No. 01982778, | ) <br> ) <br> ) | |
| Plaintiff, | ) <br> ) | |
| V. | ) <br> ) | CIVIL ACTION NO. <br> 1:16-CV-00196-BL |
| JIMMY CURTIS, <br> Officer, TDCJ Middleton Unit, *et al.*, | ) <br> ) <br> ) | |
| Defendants. | ) | Assigned to U.S. Magistrate Judge |

## REPORT AND RECOMMENDATION

This case was reassigned to the United States Magistrate Judge under Second Amended Special Order No. 3-301. Although Plaintiff was informed of the right to consent to the disposition of this case by a magistrate judge under 28 U.S.C. § 636(c), he has chosen to not consent, and therefore the undersigned magistrate judge enters this report and recommendation under the authority of 28 U.S.C. 636(b). Based on the relevant filings and applicable law, as to Plaintiff's claims asserted in his verified complaint against Brian Collier, Texas Department of Criminal Justice (TDCJ) Executive Director, in his official capacity, those claims should be **DISMISSED** with prejudice; and as to the claims remaining against the other named defendants in their individual capacity, the Court should allow service of process to issue, for the reasons stated in the balance of this report and recommendation. After entry of this report and recommendation, the case should be reassigned to Senior United States District Judge Sam R. Cummings.

### I. BACKGROUND/PLEADING

This case, brought by TDCJ inmate Joshua Wren, *pro se*, is subject to review under 28 U.S.C. § 1915(e)(2)(B) as Plaintiff proceeds *in forma pauperis* and under 28 U.S.C. § 1915A as he

has sued government officials. Plaintiff initiated this case with the completion of a form complaint accompanied by a handwritten "verified compliant". (Docs. 3,4.) In the verified complaint, Wren names as defendants Officer Jimmy Curtis, Officer NFN Mendez, Officer NFN Prado, Officer NFN Vandam, Sergeant NFN Alcantar, Sergeant NFN Miller, Sergeant NFN Lozano, Lieutenant NFN Cantrell, Medical Officer Jones, Officer John Doe, and TDCJ Executive Director Brian Collier. (Doc. 4, at 1.) Plaintiff alleges that he was the subject of an excessive use of force by several individual defendants that resulted in severe injury, and he also alleges that there was a delay in allowing him to be seen by medical providers, in violation of his constitutional rights under 42 U.S.C. § 1983. He seeks declaratory relief and compensatory monetary damages, and punitive damages against all defendants named in an individual capacity, and he seeks injunctive relief against Brian Collier, named in an official capacity. (Doc. 4, at 5.

## II. PRELIMINARY SCREENING

Plaintiff is an inmate who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on

an indisputably meritless legal theory." *Id.* at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327-28. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

### III. OFFICIAL CAPACITY CLAIM

Unless expressly waived, the Eleventh Amendment bars an action for damages under 42 U.S.C. § 1983 by a citizen of a state against his own state, including a state agency. *Aguilar v. Texas Dep't of Criminal Justice,* 160 F.3d at 1054. *See Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998) ("As an instrumentality of the state, the TDCJ-ID is immune from a suit for money damages under the Eleventh Amendment."). "'The Eleventh Amendment also bars a suit against a state official when 'the state is a real, substantial party in interest.'" *Id.* (quoting *Pennhurst State &h. & Hosp. v. Haldennan,* 465 U.S. 89, 101-102 (1984) (citations omitted)). Thus, "[s]tate officers sued for damages in their official capacity are not 'persons' for purposes of the [§ 1983] *suit* because they assume the identity of the government that employs them." *Hafer v. Melo,* 502 U.S. 21, 27 (1991). State officers sued for prospective injunctive relief in their official capacities, however, have been determined to be "persons" for purposes of a § 1983 suit and they are not entitled to immunity under the Eleventh Amendment *Id; see Aguilar v. Texas Dep't of Criminal Justice,* 160 F. 3d at 1054 (finding that a defendant official of the TDCJ-ID sued in his official capacity for prospective

3

injunctive relief would not be entitled to Eleventh Amendment immunity). The United States Court of Appeals for the Fifth Circuit explained the exception to immunity first recognized by the Supreme Court in *Ex parte Young,* 209 U.S. 123 (1908):

> The Court held that enforcement of an unconstitutional law is not an official act because a state can not confer authority on its officers to violate the Constitution or federal law. *See American Bank & Trust Co. Of Opelousas v. Dent*, 982 F.2d 917, 920-21 (5th Cir. 1993). To meet the *Ex parte Young* exception, a plaintiff's suit alleging a violation of federal law must be brought against individual persons in their official capacities as agents of the state, and the relief sought must be declaratory or injunctive in nature and prospective in effect. *See Saltz v. Tennessee Dep't of Employment Sec.,* 976 F.2d 966, 968 (5th Cir. 1992).

*Aguilar,* 160 F.3d at 1054.

Other than listing Brian Collier in the style of the verified complaint, Plaintiff's does not otherwise refer to Collier until the "Relief" section. He does not name Collier in an individual capacity, and he does not seek monetary damages from Collier in any capacity. Plaintiff does seek the following relief from Collier:

> An injunction ordering defendant Collier, or his agents to:
>
> 1. Correct each and every injury, including but not limited to the orbital socket fracture, the damaged eye, and the damage to the nose, resulting from the use of force;
>
> 2. Immediately arrange for the medical staff at Estelle [Unit] to carry out without delay the treatment directed by medical practitioners' and specialists at UTMB;
>
> 3. Ensure and provide medical care for any potential or future problems, or the prevention of those thereof, resulting from the misuse of force, for the rest of Plaintiff's life.

Verified Complaint, (doc. 4, at 5.) As noted above, any injunctive relief allowed under the *Ex parte Young* exception to Eleventh Amendment immunity must be prospective in nature. Thus, with regard to Plaintiff Wren's first and second requests for relief against Collier, as these claims seek relief

related to past events and as to Plaintiffs present medical treatment, such claims must fail. Furthermore, with regard to Plaintiff's claims for "any potential or future problems", he has shown no basis to believe that such relief can be awarded to him. In this regard, although Plaintiff certainly alleges that several individual defendants ignored his requests to be seen by medical officials within the first day after the August 28, 2015 use of force against him, once he began receiving medical care, he does not complain of any inadequacy in that care. (Doc. 4, at 3-4.) Rather, he acknowledges treatment at different hospitals, having received surgery, having seen an ophthalmologist, having seen a retina specialist, having a procedure scheduled with a plastic surgeon, and having seen "ENT doctors." *Id.* Plaintiff does not raise any complaints about the adequacy of his ongoing medical care, and thus, he has provided no basis for the Court to direct that he is entitled to ongoing prospective relief related to that medical care.

In sum, all of Plaintiff's claims against Brian Collier must be dismissed.

### IV. SERVICE OF REMAINING CLAIMS

Plaintiff alleges that he was subjected to excessive force at the hand of several defendants, and that he was delayed in promptly receiving necessary medical care by some of the same defendants, and by other defendants, all in violation of his constitutional rights under the Eighth Amendment. *See* Verified Complaint (doc. 4.) Plaintiff has alleged facts against the remaining defendants that form arguable claims for relief under 42 U.S.C. §1983. Thus, the Court should allow service of these claims upon these remaining defendants through the assistance of the officers of the Court under 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(3). *See Rochon v. Dawson,* 828 F.2d 1107, 1109-1110 (5th Cir. 1987).

## V. RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that all of Plaintiff's claims against Brian Collier, Executive Director, TDCJ, be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(1)(b)(1).

It is further **RECOMMENDED** that the Court allow Plaintiff to obtain service of process as to his remaining claims against Officer Jimmy Curtis, Officer Mendez, Officer Prado, Officer Vandam, Sergeant Alcantar, Sergeant Miller, Sergeant Lozano, Lieutenant Cantrell, Medical Officer Jones, and Officer John Doe.[1]

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law.

Any party may object to this Report and Recommendation. A party who objects to any part of this Report and Recommendation must file specific written objections within fourteen (14) days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and identify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. The failure to file specific written objections will bar the aggrieved party from attacking on appeal the factual findings, legal conclusions, and recommendation set forth by the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superceded by statute on other grounds,* 28

---

[1] Plaintiff should also be required to provide any additional identifying information he has to assist in service upon the John Doe defendant.

U.S.C. § 631(b)(1) (extending the time to file objections from ten to fourteen days), *as recognized in ACS Recovery Servs., Inc. V. Griffin*, 676 F.3d 512, 521 n. 5 (5th Cir. 2012).

**SO ORDERED.**

Signed September 25, 2017.

                                                                                           /s/ E. Scott Frost
                                                                                           E. SCOTT FROST
                                                                                           UNITED STATES MAGISTRATE JUDGE