IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

JOSHUA WREN, §
Institutional ID No. 1982778, §
SID No. 6598593, §
　　　　　　　　　　　　　　　§
　　　　　　Plaintiff, §
　　　　　　　　　　　　　　　§ CIVIL ACTION NO. 1:16-CV-196-C
v. §
　　　　　　　　　　　　　　　§
OFFICER JIMMY CURTIS, et al., §
　　　　　　　　　　　　　　　§
　　　　　　Defendants. §

## **ORDER**

Plaintiff, acting *pro se*, filed a civil rights complaint against Defendants Officer Jimmy Curtis, Officer NFN Mendez, Officer NFN Vandam, Officer NFN Prado, Sergeant NFN Alcantar, Sergeant NFN Miller, Sergeant NFN Lozano, Lieutenant NFN Cantrell, Medical Personnel NFN Jones, and Officer John Doe, all of whom were prison officials working at the John Middleton Unit (Middleton Unit) of the Texas Department of Criminal Justice (TDCJ) at the time of the events giving rise to Plaintiff's complaint, and Brian Collier, the executive director of the TDCJ. Plaintiff alleges that he was subjected to an excessive use of force and subsequent denial or delay of necessary medical attention in violation of his rights under the Eighth Amendment to the United States Constitution during his confinement at the Middleton Unit.

Plaintiff specifically alleges that he was physically harmed when Defendants Alcantar, Curtis, Vandam, Mendez, Prado, and Doe used excessive force after transporting him to a new housing unit within the prison. Plaintiff claims that Defendants Miller, Lozano, Cantrell, and Jones observed his injuries after the use-of-force incident and denied Plaintiff medical treatment.

Plaintiff alleges that he did not receive medical care until late in the afternoon, the following day after the use-of-force incident. Plaintiff claims he has required multiple surgeries and continues to suffer with pain, double vision, and weakened vision as a result of the force used against him.

Plaintiff also names as a Defendant Brian Collier, Executive Director of TDCJ, in his official capacity, but makes no specific claim against him. Plaintiff does not allege that Defendant Collier knew of or participated in either the use-of-force incident or subsequent denial of medical care. Plaintiff requests monetary damages and ongoing medical care for his injuries.

The complaint was referred to the docket of the United States Magistrate Judge, who completed screening of the case, but did not order authenticated records from TDCJ-CID. The Magistrate Judge found that Plaintiff's excessive force claim was sufficient to require an answer from all of the Defendants except for Defendant Bryan Collier. Because the Plaintiff has not consented to the jurisdiction of the Magistrate Judge, the Magistrate Judge entered a Report and Recommendation regarding the disposition of Plaintiff's claims and transferred the case back to this Court on September 25, 2017. Plaintiff filed a partial objection to the Report and Recommendation on October 10, 2017.

In the Report and Recommendation, the Magistrate Judge recommended that the Court find as follows:

(1) Plaintiff's claim against Bryan Collier in his official capacity as Executive Director of TDCJ should be dismissed with prejudice for failure to state a claim upon which relief may be granted.

(2) Plaintiff should be required to provide any additional identifying information he has to assist in service upon the John Doe Defendant, and Plaintiff's claims against Defendants Officer Jimmy Curtis, Officer Mendez, Officer Prado, Officer Vandam, Sergeant Alcantar, Sergeant Miller, Sergeant Lozano, Lieutenant

2

> Cantrell, Medical Officer Jones, and Officer John Doe should move forward at
> this stage of the litigation with service of process on these Defendants.

This Court has made an independent examination of the record in this case. The Court **ACCEPTS** the Magistrate Judge's recommendations as set forth in his Report and Recommendation and finds that Plaintiff's claim against Bryan Collier in his official capacity as Executive Director of TDCJ should be dismissed with prejudice for failure to state a claim upon which relief may be granted. Plaintiff's objection is overruled.

The Court further finds that Plaintiff's claims against Defendants Officer Jimmy Curtis, Officer Mendez, Officer Prado, Officer Vandam, Sergeant Alcantar, Sergeant Miller, Sergeant Lozano, Lieutenant Cantrell, Medical Officer Jones, and Officer John Doe should move forward at this stage of the litigation with service of process on these Defendants. Service of Process on Officer John Doe will be withheld until his identity is provided as discussed below.

The Court **MODIFIES** the Magistrate's Judge's report to reflect the following:

The Court recognizes its obligation to assist, to some extent, plaintiffs who are proceeding *pro se* and *in forma pauperis* in identifying a John Doe Defendant to enable service of process. See *Murphy v. Kellar*, 950 F.2d 290, 293 (5th Cir. 1992) (holding that complaint was improperly dismissed as frivolous without allowing the prisoner to conduct discovery to identify alleged attackers); *Cowart v. Dallas Cnty. Jail*, 439 F. App'x 332, 332-33 (5 Cir. 2011) (per curiam) (noting that a *pro se* plaintiff proceeding *in forma pauperis* was entitled to conduct discovery to determine the identities of unnamed defendants because "'[i]t is conceivable that' readily available documentation should reveal the identities of some of the John Doe Defendants").

The Court finds that readily available documentation should reveal the identity of Officer John Doe in this case. Plaintiff has outlined his unsuccessful attempts to obtain this information. Accordingly, the Attorney General should be required to provide Plaintiff with the use-of-force report relevant to his claims within 30 days of the date of this order. Plaintiff shall then have 20 days to identify Officer John Doe and provide the Court with his name. Plaintiff's failure to provide the identity of Officer John Doe will result in the dismissal, without prejudice, of any claims against Officer John Doe.

It is therefore ORDERED:

(1) Plaintiff's claim against Defendant Bryan Collier is **dismissed with prejudice** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

(2) The Clerk shall transmit to the Attorney General a copy of this Order, together with a copy of Plaintiff's Complaint (ECF No. 3) and Verified Complaint (ECF No. 4). The documents shall be transmitted by email to the appropriate email addresses at the Office of the Attorney General for the State of Texas. *See* Fed. R. Civ. P. 5(b)(2)(E).

(3) Defendants Officer Jimmy Curtis, Officer Mendez, Officer Prado, Officer Vandam, Sergeant Alcantar, Sergeant Miller, Sergeant Lozano, Lieutenant Cantrell, and Medical Officer Jones shall file an answer or other responsive pleading within thirty (30) days of the date of service of this Order.

(4) If a Defendant is no longer employed by the Texas Department of Criminal Justice and will not be contacted and represented by the Attorney General's Office, the Assistant Attorney General assigned to this case shall provide the Court with each such Defendant's last known address, UNDER SEAL WITHOUT A MOTION, on or before the date on which the Defendant's answer is otherwise due.

(5) The Assistant Attorney General assigned to this case shall send to Plaintiff a copy of the relevant use-of-force report within thirty (30) days of the date of this Order, to assist in identifying Defendant Officer John Doe. Plaintiff shall then have twenty (20) days from the date of service to identify Defendant Doe and provide his name to the Court. Plaintiff's failure to provide the identity of Officer John

Doe will result in the dismissal, without prejudice, of any claims against Officer John Doe.

There is no just reason for delay in entering a final judgment and final judgment should be entered as to the above-named Defendant and claims pursuant to Federal Rule of Civil Procedure 54(b).

JUDGMENT SHALL BE ENTERED ACCORDINGLY.

Dated November 13, 2017.

_____
SAM R. CUMMINGS
Senior United States District Judge